IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| LEA PHILLIP COCKFIELD, JR., ) | Civil Action No. 4:04-1076-TLW-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| HOLLY V. HEWITT AND AMERICAN RED ) | REPORT AND RECOMMENDATION |
| CROSS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## I.  PROCEDURAL BACKGROUND

The plaintiff, through counsel, filed this action in Florence County Court of Common Pleas. This action is an automobile accident case. The defendants removed this action to this United States District Court for the District of South Carolina, Florence Division, pursuant to the American National Red Cross' federal corporate charter's "sue and be sued" provision which confers original federal court jurisdiction over all cases to which the American National Red Cross is a party.

Stuart Snow, counsel for the plaintiff, filed a motion on July 29, 2004, asking that he be allowed to withdraw from representation of plaintiff. Mr. Snow stated in this motion that "plaintiff has failed to communicate and cooperate with his attorney, and there has been a serious breakdown of the attorney client relationship." (Doc. #9). The undersigned granted this motion during a hearing on September 28, 2004.  (Doc. #15).  Further, the plaintiff was given thirty (30) days to retain new counsel and the scheduling order was extended.[1] A change of address Order was also mailed to plaintiff with regard to keeping the Court informed of his address. (Doc. #18).                     On

---

[1] On August 19, 2004, defendants filed a motion to dismiss for failure to prosecute but withdrew that motion at the hearing on September 28, 2004, since plaintiff's counsel was withdrawing his representation and the court was giving plaintiff additional time to find an attorney or proceed *pro se*.

December 1, 2004, defendants filed a motion to dismiss for failure to comply with the court's order and for failure to prosecute along with a memorandum in support. Because the plaintiff is proceeding *pro se,* he was advised on or about December 7, 2004, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to the defendants' motion to dismiss could result in dismissal of his complaint. The plaintiff has not filed a response.

In their motion to dismiss for failure to comply with the Court's Orders and for failure to prosecute, defendants state that plaintiff has failed to meet the deadlines set forth in the Second Amended Scheduling Order entered on September 30, 2004. Defendants further assert that plaintiff has failed to comply with the Court's Order of October 1, 2004.

## II.   RULE 41(b) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1)   the degree of plaintiff's responsibility in failing to respond;

(2)   the amount of prejudice to the defendant;

(3)   the history of the plaintiff in proceeding in a dilatory manner; and,

(4)   the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through plaintiff's neglect, and not that of an attorney, that no responses or documents have been filed. As plaintiff has failed to oppose defendants' motion to dismiss or the

allegations raised in their motion and memorandum, the undersigned concludes that plaintiff has not responded to the Court's Scheduling Order of September 30, 2004. As stated, plaintiff has failed to respond to defendants' motion to dismiss for failure to prosecute and has failed to comply with any of the deadlines in the scheduling order. Therefore, the undersigned concludes the plaintiff has abandoned his lawsuit. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

### III.  CONCLUSION

As set out above, a review of the record indicates that the plaintiff's complaint should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that defendants' motion to dismiss for failure to prosecute be GRANTED and plaintiff's complaint be dismissed.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

May 19, 2005
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**